UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. FARR,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Case No. 1:08-cv-884

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

       This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On March 30, 2005, plaintiff filed his applications for DIB and SSI benefits, alleging a January 28, 2003 onset of disability[1]. (A.R. 54-56). Plaintiff's claims were denied on initial review. (A.R. 46, 49-53). On August 9, 2007, plaintiff received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 335-81). On September 24, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 21-28). On July 25, 2008, the Appeals Council denied review (A.R. 5-8), and the ALJ's decision became the Commissioner's final decision.

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Brown v. Apfel*, 192 F.3d 492, 495 n.1 (5th Cir. 1999); *Torres v. Chater*, 125 F.3d 166, 171 n.1 (3d Cir. 1997); *Kepler v. Chater*, 68 F.3d 387, 389 (10th Cir. 1995); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, April 2005 is plaintiff's earliest possible entitlement to SSI benefits.

On September 18, 2008, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claims for DIB and SSI benefits. The issues raised by plaintiff are as follows:

I. The Commissioner erred in finding that plaintiff's sleep apnea was not a severe impairment; and

II. The Commissioner erred in improperly evaluating plaintiff's complaints of pain and other limitations.

(Statement of Errors, Plf. Brief at 1, docket # 13). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see*

*McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from his alleged onset of disability of January 28, 2003, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. (A.R. 23). The ALJ found that plaintiff had the following severe impairments: "degenerative joint disease of the knees, plantar fascitis of the feet, numbness and tingling in the right dominant hand, major depressive disorder, and anxiety." (A.R. 23). Plaintiff did not have an impairment or

combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 24). The ALJ found that plaintiff retained the residual functional capacity (RFC) to perform sedentary work. (A.R. 24-25). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible:

> The claimant testified that his impairments were primarily physical in nature but that he had some depression and some form of what he called "panic attacks" mostly at night. He has not been treated by any mental health professional and has not been hospitalized for depression or anxiety. His complaints to his treating physicians have centered almost exclusively on his physical complaints. His wife indicated, in her statement, that he watched television, walked in the yard to check the garden, helped her mow the lawn, prepared a sandwich for a simple meal for lunch, and helped with housework when he felt well enough to do so (Exhibit 2E)[A.R. 76-83]. He testified that he did some housework at times, but that he could not vacuum. He listed no side effects from any medication, although he said he does not drive when he takes one of the pills that make him drowsy; if he needs to drive, he does so and takes the pill when he returns.
>
> After considering the evidence of record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(A.R. 26). Plaintiff was not capable of performing his past relevant work as a stock clerk, machine press operator, and production die setter, all medium exertional level jobs. The ALJ found that plaintiff "could not lift up to 50 pounds because of the numbness in his dominant hand and wrist," and accordingly, was "unable to perform past relevant work." (A.R. 27). Plaintiff was 37 years old as of his alleged onset of disability and 42 years old as of the date of the ALJ's decision. Thus, at all times relevant to his claims for SSI and DIB benefits, plaintiff was classified as a younger individual. (A.R. 27). Plaintiff has a high-school education and is able to communicate in English. (A.R. 27). Plaintiff did not have transferable work skills. (A.R. 27). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of

plaintiff's age, and with his RFC, education, and work experience, the VE testified that there were approximately 16,900 jobs in Michigan's lower peninsula that the hypothetical person would be capable of performing. (A.R. 379). The ALJ held that this constituted a significant number of jobs. Using Rule 201.27 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 21-28).

### 1.

Plaintiff argues that the ALJ erred by not finding that his sleep apnea was a severe impairment. (Plf. Brief at 11-13, docket # 13; Reply Brief at 1-3, docket # 19). The ALJ found at Step 2 of the sequential analysis[2] that plaintiff had the severe impairments of "degenerative joint disease of the knees, plantar fascitis of the feet, numbness and tingling in the right dominant hand, major depressive disorder, and anxiety."[3] (A.R. 23). The ALJ found at least one serious impairment,

---

[2] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that []he is not engaged in substantial gainful activity. Next, the claimant must demonstrate that []he has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that h[is] impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that []he is incapable of performing work that []he has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009); *see Lindsley v. Commissioner*, 560 F.3d 601, 602-03 (6th Cir. 2009).

[3] The ALJ determined that other impairments were not severe: "The claimant has no other severe impairment. He has some complaints of hearing loss, but nothing interfered with communication at the hearing or is shown to be significant elsewhere in the file. He has some recent cardiac complaints, but recent testing, including a Holter monitor, [showed] nothing of cardiac origin (Exhibit 17)[A.R. 303]. The file contains some notations of sleep apnea, gastroesophageal reflux disease, and an umbilical hernia (Exhibit 14F page 5)[A.R. 276]. The claimant has also alleged that

which was sufficient to meet plaintiff's burden at step two and to move the analysis to the next step. The ALJ's failure to find additional severe impairments at Step 2 is "legally irrelevant." *McGlothin v. Commissioner*, 299 F. App'x 516, 522 (6th Cir. 2009); *see Simpson v. Commissioner*, No. 08-3651, 2009 WL 2628355, at * 9 (6th Cir. Aug. 27, 2009); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008); *Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

**2.**

Plaintiff argues that the ALJ "erred in finding that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms [were] not entirely credible." (Plf. Brief at 14; *see* Reply Brief at 3-4, docket # 19). This argument is not well taken. The ALJ's opinion contains a lengthy discussion of the medical evidence, plaintiff's subjective complaints, and the reasons the ALJ found that his complaints were not fully credible. (A.R. 24-26). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See, e.g., Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function, not the court's, to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *accord, Walters v. Commissioner*, 127 F.3d at 528; *see McGlothlin v. Commissioner*, 299 F. App'x 516, 523-24 (6th Cir. 2008). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law

---

he has multiple sclerosis but there is no evidence of MRIs or other testing that confirms this diagnosis (Exhibit 10F)[A.R. 211]. I can find no evidence in the record that the claimant is excessively fatigued during the day." (A.R. 23). The ALJ considered all the claimant's impairments, including the impairments that were not severe, when he made his residual functional capacity determination. (A.R. 22).

judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge h[is] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *see Collins v. Commissioner*, No. 08-6473, 2009 WL 4906907, at * 4-6 (6th Cir. Dec. 18, 2009). "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009).

The ALJ noted that there was no evidence in the medical record that the claimant was excessively fatigued during the day. (A.R. 23). Plaintiff had some lack of grip strength in his right hand, but the medical experts could not agree regarding the cause. (A.R. 25). Plaintiff had not sought treatment from any mental health professional. (A.R. 25). The ALJ found no record evidence that a doctor had prescribed a cane or that plaintiff had any balance problem. "[G]iving plaintiff the benefit of a doubt," based on a 2006 diagnosis of degenerative arthritis in the knees, the ALJ found that plaintiff was limited to sedentary work. (A.R. 26). Further, it was entirely appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility

determination. (A.R. 26). *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Cox v. Commissioner*, 295 F. App'x 27, 33-34 (6th Cir. 2008). I find that the ALJ's credibility determination regarding plaintiff's subjective complaints is supported by more than substantial evidence.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: January 20, 2010    /s/ Joseph G. Scoville
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).