UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| ROBERT A. FARR, | Case No. 1:08-cv-884 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant, | |

# ORDER

**Adopting the R&R without Objection;
Affirming the Commissioner's Denial of Social Security Disability Benefits;
Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Joseph G. Scoville, who issued a Report and Recommendation ("R&R") on Wednesday, January 20, 2010.

"Both the Federal Rules of Civil Procedure and the Federal Magistrates Act were amended effective December 1, 2009 to simplify the calculation of time periods." *Esch v. SSA*, No. 1:2009-cv-144, 2010 WL ____, *__ (W.D. Mich. Jan. 26, 2010) (Maloney, C.J.) (citing PUB. L. NO. 111-16 § 6(1), 123 Stat. 1608). A party now has fourteen days to file objections after being served with an R&R, instead of ten. *See Esch*, 2010 WL____ at *__ (citing 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)). The fourteen days start the day after a party is served, *see* FED. R. CIV. P. 6(a)(1)(A) (when calculating a time period, the period does not begin until the day

after the event that triggers the right or obligation) and *Southall v. City of Grand Rapids*, 2008 WL 4739163, *1 (W.D. Mich. Oct. 29, 2008) (citing FED. R. CIV. P. 6(a)), and the court counts all calendar days, including weekends and federal holidays, *see* FED. R. CIV. P. 6(a)(1)(B).

Service of an electronically filed document on a registered attorney is deemed complete upon the transmission of an NEF [Notice of Electronic Filing] to that attorney. Accordingly, the court finds that plaintiff's counsel was served with the R&R on the same date that it was issued and electronically filed by the Magistrate Judge: Monday, March 2, 2009. *See Swift v. SSA*, 2009 WL 198526, * (W.D. Mich. Jan. 27, 2009) (applying W.D. MICH. LCIVR 5.7(d)(i)(ii), Service of Electronically Filed Documents - Service on Registered Attorneys, to find that counsel was served with R&R on the same date it was issued); *Malik v. AT&T Mobility, LLC*, 2009 WL 198710, *6 (W.D. Mich. Jan. 23, 2009) (applying rule to find that counsel was served with summary-judgment motion on same date that the adversary e-filed it).

Thus, the fourteen-day objection period began on Thursday, January 21, 2010, the day *after* Farr's counsel was electronically served with the R&R. Consequently, Farr was required to e-file any objections by midnight on Wednesday, February 3, 2010. That deadline has passed, and the court need not wait further for an objection from the plaintiff.

As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct

2

a *de novo* review only of those portions of the Report to which an objection has been made.").

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. *Nottingham v. SSA*, 2009 WL 230131, *2 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.). Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(C) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted). Indeed, at least one learned Sixth Circuit panel has held that undertaking *de novo* review of an R&R in the absence of proper objection is not only unnecessary but also *inappropriate*. *See Curry v. City of Mansfield, Ohio*, No. 98-3518, 201 F.3d 440, 1999 WL 1206227, *1 (6th Cir. Dec. 8, 1999) (p.c.) (Ryan, Suhrheinrich, Chief D.J. Bell) (faced with unavailing general objections, "[t]he district court's *sua sponte de novo* review duplicated the work of the Magistrate, contravening the purposes of the Magistrate's Act . . . . To permit an appeal would violate this court's clearly established waiver rule and would further frustrate the purpose of the Federal Magistrate's Act."), *cited by Marr*

*v. Foy*, No. 1:07-cv-908, 2010 WL _____, *__ (W.D. Mich. Feb. 2, 2010) (Maloney, C.J.).[1]

---

[1]

As the Supreme Court has said,

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." *Thomas*, 474 U.S. at 150. *See also Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion."); *Coots v. Astrue*, 2009 WL 1326260 (E.D. Ky. May 12, 2009) (Van Tatenhove, J.) ("When no objections are made, this court is not required to review a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard . . . .").

Accordingly, judges in our district consistently adopt R&Rs without additional analysis where the parties have not timely and specifically objected. *See, e.g.,*

*Stevenson v. Pramsteller*, 2009 WL 1883878 (W.D. Mich. June 30, 2009) (Bell, J.)
*Banks v. Davis*, 2009 WL 1874093 (W.D. Mich. June 26, 2009)   (Quist, J.)
*Martin v. Smith*, 2008 WL 4151352 (W.D. Mich. Sept. 3, 2008)   (Enslen, J.)
*Lewis v. SSA*, 2008 WL 3875403 (W.D. Mich. Aug. 15, 2008)   (Maloney, C.J.)
*US v. Bale*, 2008 WL 4534420 (W.D. Mich. Oct. 2, 2008)   (Edgar, J.)
*Lee v. Caruso*, 2008 WL 2859212 (W.D. Mich. July 22, 2008)   (Miles, J.)
*Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007)   (Maloney, J.)
*US v. Hart*, 2005 WL 1308199 (W.D. Mich. June 1, 2005)   (McKeague, J.)
*US v. Corradini*, 1994 WL 447174 (W.D. Mich. Jan. 25, 1994)   (Gibson, C.J.)
*Gill v. HHS*, 1985 WL 71797 (W.D. Mich. Feb. 27, 1985)   (Suhrheinrich, J.).

Adoption of uncontested R&Rs without discussion is common throughout our circuit, *e.g.:*

*Allen v. Hudson*, 2009 WL 1649312 (N.D. Ohio June 10, 2009)   (Lioi, J.)
*Schlatter v. Jeffries*, 2009 WL 73736 (N.D. Ohio Jan. 8, 2009)   (Aldrich, J.)
*US v. Josic*, 2008 WL 5234386 (N.D. Ohio Dec. 12, 2008)   (Boyko, J.)
*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007)   (Nugent, J.)
*Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006)   (Zouhary, J.)
*Lee v. Ford Cmty. Coll.*, 2010 WL 199952, *1 (E.D. Mich. Jan. 12, 2010) (Lawson, J.)
*Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006)   (Gadola, J.)
*Bradberry v. Astrue*, 2009 WL 2027111 (M.D. Tenn. July 8, 2009)   (Wiseman, J.)
*Winston v. Cargill, Inc.*, 2009 WL 1748728 (W.D. Tenn. June 19, 2009)   (Anderson, J.)
*Rose v. Mattrixx Init., Inc.*, 2009 WL 902311 (W.D. Tenn. Mar. 31, 2009) (McCalla, J.)
*Young v. Simpson*, 2009 WL 798787 (E.D. Ky. Mar. 24, 2009)   (Coffman, J.).

**In any event, the court finds the R&R to be well-reasoned.** For the reasons explained by the R&R, substantial evidence supported the ALJ's determination that Farr's severe impairments – degenerative joint disease of the knees, plantar fascitis of the feet, numbness and tingling in the right dominant hand, major depressive disorder, and anxiety – either singly or in combination, did not render him disabled between his alleged disability onset date (January 28, 2003) and the date of the ALJ's decision. The Magistrate properly rejected both of Farr's challenges to the ALJ's reasoning.

**First, the Magistrate correctly notes that even if the ALJ erred in finding that Farr's sleep apnea was not a severe impairment, such error is of no consequence given the Social Security Administration's five-step analysis of disability claims.** At step two, Farr needed only to establish the existence of a single severe impairment. Because the ALJ found that he suffered from several severe impairments other than sleep apnea, the ALJ correctly determined that Farr met his burden at step two, and the analysis therefore proceeded to step three (where the ALJ determines whether the impairment(s) met or equalled a listed impairment). In other words, the ALJ's failure to find additional severe impairments at step 2 is "legally irrelevant." *See Nejat v. SSA*, 2009 WL 4981686, *2 (6th Cir. Dec. 29, 2009) (U.S. Supreme Court Justice O'Connor, Moore, Cook) (citing *Maziarz v. HHS*, 837 F.2d 240, 244 (6th Cir. 1987)); *Myland v. Astrue*, 2009 WL 5216067, *10 (W.D. Mich. Dec. 29, 2009) (Bell, J.). *Accord Fritzson v. Astrue*, 2009 WL 801796, *4 (D. Kan. Mar. 25, 2009) (citing *Hill v. Astrue*, 289 F. App'x 289, 292 (10th Cir. 2008)). This is "'because, under the regulations, the agency at later steps 'consider[s] the combined effect of all [the claimant's] impairments, without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Brescia v. Astrue*, 287 F. App'x 626, 629 (10th Cir. 2008) (quoting

20 C.F.R. § 404.1525(e) and 416.945(e), and citing *Maziarz*, 837 F.2d at 244).

"Thus, even if I assume that the ALJ erred [at step two] in failing to find that Plaintiff suffered from a severe impairment other than those identified by the ALJ, such does not call into question the substantiality of the evidence supporting the ALJ's decision." *Udell v. SSA*, 2009 WL 4110284, *5 (W.D. Mich. Nov. 20, 2009) (Quist, J.) (citations omitted).

As to the substantiality of that evidence, Farr raised only one other criticism of the ALJ's reasoning, contending that the ALJ erred in finding that his subjective statements regarding the intensity, persistence, and limitations imposed by his pain and symptoms to be "not entirely credible." The Magistrate correctly noted, R&R at 6, that credibility determinations regarding subjective complaints of pain and limitation are peculiarly within the province of the ALJ, *see also Morrow v. SSA*, 2009 WL 891706, *3 (W.D. Mich. Mar. 31, 2009) (Bell, J.) (citing *Gooch*, 833 F.2d at 592), and the court cannot substitute its own credibility assessment for that of the ALJ, *see also Luteyn v. SSA*, 528 F. Supp.2d 739, 749 (W.D. Mich. 2007). This deference to the ALJ's credibility assessment is particularly appropriate when the record discloses "discrepancies between the claimant's testimony and the written record", *Bentley v. SSA*, 23 F. App'x 434, 436 (6th Cir. 2001) (citing *Gooch*, 833 F.2d at 592), and the ALJ identified just such discrepancies here, *see* R&R at 7-8.

Specifically, the ALJ properly considered Farr's failure to seek professional mental health treatment as militating against a finding that he was disabled due at least in part to his anxiety and/or major depressive disorder. *See Myatt v. SSA*, 251 F. App'x 332, 336 (6th Cir. 2007) ("*The ALJ found Myatt to be not fully credible* because due to inconsistencies between Myatt's testimony, medical history, and information he and his wife submitted to the SSA, and *due to Myatt's delay in seeking mental health treatment.*") (emphasis added); *Strong v. SSA*, 88 F. App'x 841, 846 (6th Cir. 2004);

6

*Esch v. SSA*, No. 2009-cv-144, 2010 WL _____, *__ (W.D. Mich. Jan. 25, 2010) (Maloney, C.J.); *Calvin v. Astrue*, 2010 WL 55452, *17 (M.D. Tenn. Jan. 7, 2010) (substantial evidence supported determination that diagnosed anxiety was not severe because claimant "never sought any mental health treatment or counseling and never had been hospitalized for a mental condition.").[2]

The ALJ also acted properly in considering the arguable discrepancy between Farr's daily activities and the allegedly disabling effect of his impairments. *See Cunningham v. Astrue*, No. 08-3848, – F. App'x –, 2010 WL 22286, *3-4 and *6-7 (6th Cir. Jan. 5, 2010) (Ryan, <u>Cole</u>, Clay) (substantial evidence supported ALJ's determination that diabetes mellitus, post-kidney transplant, heart problems, inability to carry weight, unstable balance, and fatigue did not render claimant disabled, and adverse credibility finding was proper based in part on the fact that the claimant's "statements regarding the minimal amount of activity that provokes extreme fatigueability is inconsistent with his daily activities as reported at the hearing and in the record", including cooking, loading a dishwasher, using a vacuum cleaner, writing, reading "fairly well" with glasses, and

---

[2]

It is true that "[i]f the claimant can show that his failure to obtain [a] . . . treatment . . . was attributable to lack of funds, an ALJ may reasonably decide that the failure [adhere to that] regimen does *not* undermine the credibility of his subjective complaints." *Bieschke v. SSA*, 2009 WL 735077, *6 n.5 (W.D. Mich. Mar. 12, 2009) (Maloney, C.J.); *see, e.g., Veltkamp v. SSA*, 528 F. Supp.2d 716 (W.D. Mich. 2007) ("The ALJ also found significant Plaintiff's 'spotty history' of treatment for his mental illness. While the ALJ is not necessarily incorrect that plaintiff 'has an inconsistent treatment record,' a closer examination of the issue is necessary. * * * Plaintiff testified that he has been unable to obtain treatment consistently because he lacks insurance or other means to pay for such.").

To qualify for this exception, however, a claimant must present some concrete evidence of specific efforts to obtain treatment. Otherwise, the court will reject the poverty explanation for failure to seek treatment from an appropriate facility "because there is no way to investigate and verify whether any such facility had any record or recollection of [the claimant] visiting during the relevant time period." *Esch*, 2010 WL ____ at *___. Farr has not presented evidence of specific efforts to obtain professional treatment for the anxiety and major depressive disorders.

loading goods into or out of a truck during a roughly three-day stint as a volunteer at a charity).

## ORDER

The R&R [document # 20] is **ADOPTED**.

The Commissioner's denial of disability benefits is **AFFIRMED**.

The complaint is **DISMISSED.** This case is **TERMINATED** and **CLOSED**.

The separate judgment required by FED. R. CIV. P. 58 will issue contemporaneously.

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the [R&R]. * * * Frontier's silence constitutes a waiver of the right to appeal . . . ."); *Catanzaro v. MDOC* , 2010 WL 233862, *9 (W.D. Mich. Jan. 14, 2010) (Quist, J.); *Vick v. Metrish*, 2010 WL 310467, *2 (W.D. Mich. Jan. 21, 2010) (Bell, J.).

**IT IS SO ORDERED this 5th day of February 2010**.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge